Opinion delivered January 24, 1881, by
Sterrett, J.
The inherent power of every Court of record to require its proceedings to be faithfully recorded and preserved cannot be questioned. It existed at common law, independently of any statute of amendment; and, in the absence of any legislative restriction, it may be rightly exercised by the Court in replacing lost records, or in supplying accidental omissions of its clerk, so as to make the record of its proceedings conform to the fact. When, therefore, it satisfactorily appears that the proper officer has neglected to record any material part of a judicial proceeding, it is clearly *5 competent for the Court to remedy the defect hy amendment, so that each successive step in the proceeding, as it actually occurred, may be correctly represented by the record. ■
It was claimed by the plaintiff below, that, while judgment was in fact rendered in his favor against the defendant, on November 4, 1865, the prothonotary had neglected to make an entry thereof on the appearance docket. It was duly noted on the judgment docket; the levari facias, reciting a judgment of that date, was issued, executed, and a deed for the premises acknowledged and delivered in 1866, under the belief that the judgment had been regularly recorded at the time of its rendition. After the omission was discovered, the Court granted a rule on the executrix and sole devisee of Henry Gault, the defendant, as whose property the premises were sold, to show cause why the judgment should not be recorded nunc pro tunc. Testimony was taken, and the Court having, found the facts as claimed by the plaintiff, made an order “that the record be amended by entering upon the appearance docket, in its proper place the judgment in favor of the plaintiff for $24.90, which was rendered on the 4th of November, 1865, and that the said judgment he so entered as of the 4th of November, 1865, nunc pro tunc, it being evident to the Court that the said entry was accidentally omitted by the clerk.”
In view of the evidence upon which the Court appeal’s to have acted, we cannot say there was error in the conclusions of fact on which the order was based, or in recording the judgment as of the date on which it was actually rendered. On the contrary, we think the authority of the Court in the premises was judiciously exercised ; and the record, as now before us, must, be regarded as conclusively showing a judgment rendered and recorded on November 4, 1865. This being so, it is clearly too late to question its validity on a writ of error sued out in 1879. The Act of April 1, 1874, provides that no judgment shall be avoided or reversed for any error or defect therein, unless the writ, be taken within two years.
The fact that the omission ot the prothonotary was not supplied during the term in which the mistake occurred does not present' an insuperable difficulty. In Rhoads v. Commonwealth, 3 Harris 272, Chief Justice Gibson, said: “The old notion that the *6 record remains in the breast of the Court only till the. end of the term has yielded to necessity, convenience and common sense. Countless instances of amendments after .the term, hut ostensibly made during it, are to he found in our own books and those of our neighbors. The power of-the Court to amend being established, the' conclusiveness of the record,'as amended, follows of course.” • In that case a decree forfeiting a recognizance had been pronounced, but not recorded, and, at asubsepuent term, the Court ordered the decree to be entered on the record as of the'time the recognizance was actually forfeited. The same 'principle was recognized in Kennedy v. Wachsmuth, 12 S. & R. 171. Real estate had been sold by an administrator pursuant' to an order of the Orphans’ Court, and the sale confirmed without any record having been made of the verified schedule of debts required by the Act of 1794. The Court afterwards found as a fact that the schedule had been properly verified and presented before the order of sale was madej and the record was corrected accordingly. It was contended that the' amendment was unauthorized, and the proceeding fatally defective ; but'this Court said the power to order the amendment could not' be doubted; that while the affirmation should have been recorded at the time it was made, the neglect to enter it of record “was no more than a clerical omission. So long ago as the year 1650, ah amendment was permitted by causing judgment to be entered .on a verdict which the prothonotary had omitted, and this, too, after the execution had issued and exception was taken taken to the proceeding: Stiles’ Rep. 228. In considering the record before us, therefore, we must take, it that the affirmation of Lewis was made previous to the order of sale. Then all is right, for the record cannot be contradicted.”
The view we have taken of the order to record the judgment as of the time it was actually rendered, and the conclusive effect that must now be given to the record as thus amended, renders it unnecessary to consider other questions that were so ably pressed on the argument by the learned counsel for the plaintiff in error.
The original defendant being being dead, the Court very properly directed the rule to show cause to be served on his executrix and sole devisee. She, with her husband, appeared against the rule, and thus substantially, though not formally, became a party to the recoi’d. As such, she had the same right to a writ of error as *7 the defendant, if living, 'would have had. But, as we have seen, the omission of the prothonotary was properly supplied by the Court, and the judgment cannot now be successfully assailed.
Andrew Zane and David C. Harrington, Esqs., for plaintiff in error.
B. F. Fisher, Esq., for defendant in error.
Judgment affirmed,
Note. — As to amendments, see 1 Schuylkill Legal Record, 183. 2nd Schuylkill Legal Record, 152. Ibid 263. Ibid 389.